# EXHIBIT 4

# EXHIBIT 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ZACHAR LAW FIRM, P.C.**
P.O. Box 47640
Phoenix, Arizona 85020
(602) 494-4800
Ben R. Jemsek (019833)
bjemsek@zacharlaw.com
*Attorney for Plaintiff*

*(vertical sidebar)* ZACHAR LAW FIRM, P.C. P.O. Box 47640 Phoenix, Arizona 85020

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| AMANDA DAWN FILAKOUSKY SCHILLE, an adult individual,<br><br>Plaintiff,<br><br>vs.<br><br>WESTERN EXPRESS, INC., a foreign corporation; DOES I–X; ABC COMPANIES I–X,<br><br>Defendants. | No. CV2022-050709<br><br>**FIRST AMENDED COMPLAINT**<br><br>**Tort – Motor Vehicle**<br><br>**Tier 2** |

Plaintiff, for her cause of action alleges:

1.      Plaintiff Amanda Dawn Filakousky Schille is an adult individual and resident of Maricopa County, Arizona

2.      Upon information and belief, Defendant Western Express, Inc. is a foreign corporation authorized to do and doing business in the State of Arizona.

3.      At all times relevant hereto, Gary Eugene Mack ("Mack") was acting within the course and scope of his employment with Defendant Western Express, Inc.

ZACHAR LAW FIRM, P.C.
P.O. Box 47640
Phoenix, Arizona 85020

4.     The corporate Defendants are authorized to do and are doing business in Arizona.

5.     Defendants Does I-X are fictitious persons whose identities are unknown to Plaintiff but whose conduct may have caused or contributed to Plaintiff's damages herein. These include but are not limited to employees and or agents of Defendant business entities who were operating a vehicle for and on behalf of Defendant business entities at the time of events herein, including Western Express, Inc. and or the "Doe" business entities set forth herein.  The also include unknown spouses of the Defendants who were acting on behalf of the marital community.  Plaintiff reserves the right to amend the pleadings with the names of said person(s) once identities become known.

6.      Defendant ABC Companies I-X are fictitious entities whose identities are unknown to Plaintiff, but whose conduct may have caused or contributed to Plaintiff's damages herein. They may be referred to as Defendants "Doe."  These include but are not limited to companies for which Gary Eugene Mack was acting as a driver, employer and/or agent for at the time of the events referenced herein.  Plaintiff reserves the right to amend the pleadings with the name(s) of said entities once identities become known.

7.     The individual Defendants, if married, were at all times alleged acting on behalf of their marital community.

8.     Venue is proper in Maricopa County, Arizona.

9.     The amount of controversy satisfies the jurisdictional requirement of the Superior Court.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ZACHAR LAW FIRM, P.C.**
P.O. Box 47640
Phoenix, Arizona 85020

10.     The amount of Plaintiff's damages qualify this matter as a Tier 2 case in accordance with Ariz. R. Civ. P. 8(b)(2).

11.     At approximately 6:21 p.m. on March 4, 2020, Plaintiff sustained personal injuries in a motor vehicle collision occurring on 99th Avenue at or near Roosevelt Street in Tolleson, Arizona.

12.     At said time and place, Plaintiff was the restrained driver of a vehicle traveling south in lane number 3 on 99th Avenue.

13.     At the same time, Mack was driving a semi-truck south on 99th Avenue in lane number 2 when Mack suddenly and without warning moved from his lane into the number 2 lane occupied by Plaintiff's vehicle, colliding with the left front quarter panel of Plaintiff's vehicle.

14.     The collision was caused by the negligent and/or careless manner in which Mack operated a motor vehicle. Defendant failed to maintain a proper lookout of surrounding traffic conditions and failed to drive within a single lane.

## COUNT I
**(Negligence)**

15.     Plaintiff incorporates the above referenced paragraphs as though fully set forth herein.

16.     It was the duty of Mack at all times mentioned herein to exercise reasonable care for the safety of Plaintiff in the operation of his vehicle.

17.     Mack negligently breached his duty and a direct and proximate cause of the breach led to Plaintiff's damages as more fully described herein.

## COUNT II
### (Negligence *per se*)

18.     Plaintiff incorporates the above referenced paragraphs as through fully set forth herein.

19.     The Arizona Legislature enacted the following statutes designed to protect from injury or harm the class of persons of which Plaintiff is a member: A.R.S. §28-729, §28-751 and §28-754.

20.     Mack is required to conform to the minimum standard so imposed by said statutes.

21.     Mack violated said statutes.

22.     As a direct and proximate result of Mack's violations of said statutes, Plaintiff sustained damages as fully set forth herein.

## COUNT III
### (*Respondeat Superior*)

23.     Plaintiff incorporates the above referenced paragraphs as though full set forth herein.

24.     At the time of the collision that is the subject of this action, Mack was in the course and scope of his employment with Defendant Western Express, Inc. or Defendants Doe.

ZACHAR LAW FIRM, P.C.
P.O. Box 47640
Phoenix, Arizona 85020

-4-

ZACHAR LAW FIRM, P.C.
P.O. Box 47640
Phoenix, Arizona 85020

25. Defendant Western Express, Inc. and/or Defendants Doe is legally responsible for the acts and omissions of Mack under the doctrine of *respondeat superior.*

26. As a direct and proximate result of the conduct of Mack, Plaintiff sustained injuries which have resulted in considerable pain, suffering, inconvenience and loss of enjoyment of life.

27. As a further direct and proximate result of the negligence of Mack/Defendant, Plaintiff has incurred medical and related expenses for her care and treatment all and has lost earnings.

**WHEREFORE**, Plaintiff requests judgment against Defendants as follows:

1. For general damages in a fair and reasonable amount;

2. For the reasonable value of Plaintiff's medical and related expenses;

3. For the reasonable value of Plaintiff's lost earnings;

4. For the value of all property damage incurred by Plaintiff;

5. For a sum that is reasonable and just for Plaintiff's pain and suffering and loss of enjoyment of life;

6. For Plaintiff's costs incurred herein;

7. For such other and further relief as the Court deems just and proper.

/ / /

/ / /

DATED this 23rd day of May, 2022.

**ZACHAR LAW FIRM, P.C.**

/s/ Ben R. Jemsek
Ben R. Jemsek
Attorney for Plaintiff

**ZACHAR LAW FIRM, P.C.**
**P.O. Box 47640**
**Phoenix, Arizona 85020**

Clerk of the Superior Court
*** Electronically Filed ***
C. Cuellar, Deputy
3/3/2022 10:36:19 AM
Filing ID 14004735

# ZACHAR LAW FIRM, P.C.

P.O. Box 47640
Phoenix, Arizona 85020
(602) 494-4800
Ben R. Jemsek (019833)
bjemsek@zacharlaw.com
*Attorney for Plaintiff*

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| AMANDA DAWN FILAKOUSKY SCHILLE, an adult individual,<br><br>Plaintiff,<br><br>vs.<br><br>GARY EUGENE MACK and JANE DOE MACK, husband and wife; WESTERN EXPRESS, INC., a foreign corporation; JOHN DOES I–X; JANE DOES I–X; ABC PARTNERSHIPS I–X and XYZ CORPORATIONS I–X,<br><br>Defendants. | No.  **CV2022-050709**<br><br>**COMPLAINT**<br><br>**Tort – Motor Vehicle**<br><br>**Tier 2** |

Plaintiff, for her cause of action alleges:

1.      Plaintiff Amanda Dawn Filakousky Schille is an adult individual and resident of Maricopa County, Arizona

2.      Upon information and belief, Defendants Gary Eugene Mack and Jane Doe Mack, were a married couple at all times relevant hereto and residents of Kern County, Arizona.

-1-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ZACHAR LAW FIRM, P.C.**
P.O. Box 47640
Phoenix, Arizona 85020

3.     Upon information and belief, Defendant Western Express, Inc. is a foreign corporation authorized to do and doing business in the State of Arizona.

4.     At all times relevant hereto, Defendant Mack was acting within the course and scope of his employment with Defendant Western Express, Inc.

5.     The corporate Defendants are authorized to do and are doing business in Arizona.

6.     Defendants John Does I-X and Jane Does I-X are fictitious persons whose identities are unknown to Plaintiff but whose conduct may have caused or contributed to Plaintiff's damages herein. These include but are not limited to employees and or agents of Defendant business entities who were operating a vehicle for and on behalf of Defendant business entities at the time of events herein, including Western Express, Inc. and or the "Doe" business entities set forth herein.  The also include unknown spouses of the Defendants who were acting on behalf of the marital community.  Plaintiff reserves the right to amend the pleadings with the names of said person(s) once identities become known.

7.      Defendant ABC Partnerships I-X and XYZ Corporations I-X are fictitious entities whose identities are unknown to Plaintiff, but whose conduct may have caused or contributed to Plaintiff's damages herein. They may be referred to as Defendants "Doe." These include but are not limited to companies for which Defendant Gary Eugene Mack was acting as a driver, employer and/or agent for at the time of the events referenced

-2-

ZACHAR LAW FIRM, P.C.
P.O. Box 47640
Phoenix, Arizona 85020

herein.  Plaintiff reserves the right to amend the pleadings with the name(s) of said entities once identities become known.

8.     The individual Defendants, if married, were at all time alleged acting on behalf of their marital community.

9.     Venue is proper in Maricopa County, Arizona.

10.    The amount of controversy satisfies the jurisdictional requirement of the Superior Court.

11.    The amount of Plaintiff's damages qualify this matter as a Tier 2 case in accordance with Ariz. R. Civ. P. 8(b)(2).

12.    At approximately 6:21 p.m. on March 4, 2020, Plaintiff sustained personal injuries in a motor vehicle collision occurring on 99th Avenue at or near Roosevelt Street in Tolleson, Arizona.

13.    At said time and place, Plaintiff was the restrained driver of a vehicle traveling south in lane number 3 on 99th Avenue.

14.    At the same time, Defendant Mack was driving a semi-truck south on 99th Avenue in lane number 2 when Defendant Mack suddenly and without warning moved from his lane into the number 2 lane occupied by Plaintiff's vehicle, colliding with the left front quarter panel of Plaintiff's vehicle.

15.    The collision was caused by the negligent and/or careless manner in which Defendant Mack operated a motor vehicle. Defendant failed to maintain a proper lookout of surrounding traffic conditions and failed to drive within a single lane.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ZACHAR LAW FIRM, P.C.**
P.O. Box 47640
Phoenix, Arizona 85020

## COUNT I
### (Negligence)

16.     Plaintiff incorporates the above referenced paragraphs as though fully set forth herein.

17.     It was the duty of Defendant at all times mentioned herein to exercise reasonable care for the safety of Plaintiff in the operation of his vehicle.

18.     Defendant negligently breached his duty and a direct and proximate cause of the breach led to Plaintiff's damages as more fully described herein.

## COUNT II
### (Negligence *per se*)

19.     Plaintiff incorporates the above referenced paragraphs as through fully set forth herein.

20.     The Arizona Legislature enacted the following statutes designed to protect from injury or harm the class of persons of which Plaintiff is a member: A.R.S. §28-729, §28-751 and §28-754.

21.     Defendant is required to conform to the minimum standard so imposed by said statutes.

22.     Defendant violated said statutes.

23.     As a direct and proximate result of Defendant's violations of said statutes, Plaintiff sustained damages as fully set forth herein.

/     /     /

/     /     /

ZACHAR LAW FIRM, P.C.
P.O. Box 47640
Phoenix, Arizona 85020

## COUNT III
### (*Respondeat Superior*)

24.    Plaintiff incorporates the above referenced paragraphs as though full set forth herein.

25.    At the time of the collision that is the subject of this action, Defendant Mack was in the course and scope of his employment with Defendant Western Express, Inc. or Defendants Doe.

26.    Defendant Western Express, Inc. and/or Defendants Doe is legally responsible for the acts and omissions of Defendant Mack under the doctrine of *respondeat superior.*

27.    As a direct and proximate result of the conduct of Defendants, Plaintiff sustained injuries which have resulted in considerable pain, suffering, inconvenience and loss of enjoyment of life.

28.    As a further direct and proximate result of the negligence of Defendants, Plaintiff has incurred medical and related expenses for her care and treatment all and has lost earnings.

**WHEREFORE**, Plaintiff requests judgment against Defendants as follows:

1.    For general damages in a fair and reasonable amount;

2.    For the reasonable value of Plaintiff's medical and related expenses;

3.    For the reasonable value of Plaintiff's lost earnings;

4.    For the value of all property damage incurred by Plaintiff;

5.      For a sum that is reasonable and just for Plaintiff's pain and suffering and loss of enjoyment of life;

6.      For Plaintiff's costs incurred herein;

7.      For such other and further relief as the Court deems just and proper.

DATED this 3rd day of March, 2022.

**ZACHAR LAW FIRM, P.C.**


/s/ Ben R. Jemsek
Ben R. Jemsek
Attorney for Plaintiff

ZACHAR LAW FIRM, P.C.
P.O. Box 47640
Phoenix, Arizona 85020